# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Vincent Jerome

          Plaintiff

      v.

Hayt, Hayt and Landau, LLC

          Defendant

Case No:

**JURY TRIAL DEMANDED**

## INTRODUCTION

1.    Plaintiff seeks actual damages, statutory liquidated damages, and attorneys' fees as a result of Defendant's violations of federal law.

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, *1693m(g)* and *28 USC 1331*.

3.    Defendant conducts business in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to *28 U.S.C. § 1391(b)(1) and (2)* because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

5.     Plaintiff Vincent Jerome ("Plaintiff") is a natural person residing in Chester County in the Commonwealth of Pennsylvania.

6.     Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to the Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. § 1692a(5)*.

7.     Defendant is Hayt, Hayt & Landau, LLC ("Kirkland"), believed to be a limited liability company with mailing and business address of Two Industrial Way West, Eatontown New Jersey, 07724-0500.

8.     Defendant is a debt collector as that term is defined by *15 U.S.C. § 1692a(6)*, which sought to collect a consumer debt from Plaintiff.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.    The Defendant is a debt collector and is regularly engaged, directly and indirectly, in the collection of debts including the debt collection activity that is the subject of this action.

## Facts

11.    On July 14, 2016, the Defendant instituted a civil appeal from an unfavorable judgment entered against its client, Capital One Bank, NA. in its action against Vincent Jerome to collect a $1,943.29 debt.

12.    As a result of the aforesaid judgment, there is no debt owed by Vincent Jerome to Capital One Bank, NA.

13.   The appeal was docketed as Capital Once Bank NA v. Vincent Jerome, No. 16-06692.

14.   On August 18, 2016, Capital One's appeal was stricken for failure to comply with the Rules of Court and as a consequence, the judgment below against Capital One is final and non-appealable.

15.   As a result of the events that transpired in the District Court and Common Pleas, with respect to Capital One Bank, NA and Vincent Jerome, there is no debt owed by Vincent Jerome to Capital One Bank, NA.

16.   By correspondence dated February 6, 2017, Defendant sent a debt collection letter to the Plaintiff.  That debt collection letter falsely represented the existence of a debt, in the amount of $1,942.29 plus court costs of $348.85 due and owing from Vincent Jerome to Capital One Bank, NA. Copy attached.

17.   Defendant's debt collection letter offered to "settle" the $2,292.14 debt for $1,146.07.

18.   In its debt collection letter Defendant misrepresented the existence of the $1,942.29 debt owed by Vincent Jerome to Capital One Bank, NA.

19.   In its debt collection letter Defendant misrepresented the existence of the $348.85 in court costs owed by Vincent Jerome to Capital One Bank, NA.

20.   As a result of the Defendant's actions the Plaintiff has endured emotional distress and suffered other damages including but not limited to counsel fees to ascertain the status of the matters in the Court of Common Pleas of Chester County.

## COUNT I
### Violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692

21.   Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

22.    The Defendant is a "debt collector" under section *1692a(6)* of the FDCPA.

23.    The claims for debts subject of the Defendant's communications for collection comprise a "debt" within the meaning of *15 U.S.C. § 1692a(5).*

24.   The FDCPA prohibits debt collectors, such as the Defendant from engaging in unfair practices in connection with collecting debts, such as making false, deceptive and misleading representations in connection with the collection of a debt including but not limited to the threat to take any action that cannot legally be taken or that is not intended to be taken, the use of any false representation or deceptive means to collect or attempt to collect any debt and the false representation or implication that documents are legal process.   *15 U.S.C. § 1692e*

25.    The Defendant violated 15 U.S.C. § 1692e(10) because it made false representations in connection to collect or attempt to collect a debt

26.    The Defendant violated 15 U.S.C. § 1692d because it engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. *15 U.S.C. § 1692d.*

27.    Pursuant to section 1692k of the FDCPA, Plaintiff is entitled to their actual damages plus statutory liquidated damages and attorneys' fees, as a result of Defendant's violations of the FDCPA.

WHEREFORE, Plaintiff respectfully requests:

A.    that this Court enter judgment awarding actual and statutory liquidated damages to Plaintiff;

C.    that the Court award attorneys' fees, expenses, and the costs of this suit, together with prejudgment and post-judgment interest at the maximum rate allowed by law;

E.    that this Court award such other and further relief as it may deem just and appropriate.

## JURY TRIAL DEMAND

Plaintiff, demands a jury trial on all issues so triable.

Respectfully submitted:

Lipow Law Office

/S/ RICHARD N LIPOW

By__RNL3966_____

RICHARD N. LIPOW, ESQUIRE
Swedesford Corporate Center
629  Swedesford Road
Malvern Pennsylvania 19355
(610) 251-2500
Attorney for Plaintiff